## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW FORBES,                          :
                                        :
    Plaintiff                    : DOCKET NO:
v.                                      :
                                        :
CLICK PRINT, INC. d/b/a                 :
MINUTEMAN PRESS OF HANOVER,             :
                                        :    Jury Trial Demanded
    Defendant                    :
                                        :

## COMPLAINT

Plaintiff, ANDREW FORBES (hereinafter "Mr. Forbes"), by and through his counsel, James T. Podgorney, Esquire, and Morcom Law, LLC, files this Complaint against Defendant, CLICK PRINT, INC. d/b/a MINUTEMAN PRESS OF HANOVER for violations of the Americans with Disabilities Act of 1990 (as amended) ("ADA"), 42 U.S.C. §12101, *et seq.,* the Pennsylvania Medical Marijuana Act of 2016 35 P.S. § 10231.101, *et seq.*, retaliation, and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff alleges and avers as follows:

## JURSIDICTION AND VENUE

1.    Jurisdiction is appropriate in this Court under 28 U.S.C. §1331 and §1367.

2.     Venue is proper because all parties reside or do business in this jurisdiction and all unlawful employment practices complained of occurred in this District.

3.     On March 2, 2023, Mr. Forbes dual-filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") alleging discrimination pursuant to the PHRA and the ADA.

4.     Mr. Forbes exhausted his administrative remedies on August 9, 2023 when a Notice of Right to Sue was issued and was received by Mr. Forbes on August 10, 2023. See Exhibit "A" attached hereto.

**PARTIES**

5.     Mr. Forbes is an adult individual residing in Hanover, York County, Pennsylvania.

6.     Click Print, Inc. d/b/a Minuteman Press of Hanover (hereinafter "Minuteman"), is a Pennsylvania corporation with a principal place of business located at 415 Madison Avenue, York, PA 17404, and Minuteman at 955 Carlisle Street, Hanover, Pennsylvania 17331, which provides full-service printing services.

7.     Scott Kurz (hereinafter "Kurz") is an adult individual who is the Co-Owner of Minuteman and was a direct supervisor of Mr. Forbes.

8.    Kitty Kurz (hereinafter "Mrs. Kurz") is an adult individual who is the Co-Owner of Minuteman and was a supervisor of Mr. Forbes.

9.    Debbie Harris (hereinafter "Harris") is an adult individual who is the Office Manager of Minuteman and was a direct supervisor of Mr. Forbes.

10.    On September 20, 2021, Mr. Forbes was hired by Minuteman into the position of Digital Press Operator, and he was primarily responsible for coordinating and completing various print jobs for the business, including but not limited to, printing for posters and business cards.

11.    On December 22, 2022, Mr. Forbes was terminated from his employment with Minuteman.

12.    Mr. Forbes was at all times qualified for the position of Digital Press Operator.

13.    Mr. Forbes' performance with Minuteman was exemplary, and he was never subjected to any form of discipline during his nearly two years of employment with Minuteman.

## COUNT I
## Violations of the Americans with Disabilities Act ("ADA")

14.    Plaintiff incorporates Paragraphs 1 through 13, as though fully set forth herein.

15.    Mr. Forbes is an "employee" as that term is defined under the ADA.

16.    Minuteman employs in excess of 15 individuals, and Minuteman is an "employer" as that term is defined under the ADA.

17.    Mr. Forbes was diagnosed with Post-Traumatic Stress Disorder ("PTSD") in or about 2021.

18.    PTSD is a "disability" as that term is defined under the ADA.

19.    Minuteman and Kurz were aware of Mr. Forbes diagnosis of PTSD because Mr. Forbes verbally informed Kurz at time of hire.

20.    Mr. Forbes is a qualified individual with a disability under the ADA.

21.    In or about October of 2022, Mr. Forbes tested positive for the COVID-19 virus and was unable to work due to his illness.

22.    During Mr. Forbes' recovery, Kurz accused Mr. Forbes of "faking" his positive COVID-19 test results.

23.    On October 20, 2022, Mr. Forbes returned to work at Minuteman; however, he was still suffering from side effects from the COVID-19 virus, which included an upset stomach and diarrhea.

24.    On October 20, 2022, Mr. Forbes needed to use the restroom and excused himself from his work station while a printing job was finishing.

25.    While Mr. Forbes was using the restroom, Kurz pounded on the bathroom door and shouted at Mr. Forbes, "You've been in there for 30 minutes!"

when, in fact, Mr. Forbes had only been in the restroom for approximately five minutes.

26.    Mr. Forbes became concerned that Kurz was going to come through the door while he was using the restroom, and Mr. Forbes told Kurz to stop trying to enter the bathroom because he was using the restroom.

27.    Kurz responded by screaming, "Get the f**k out of the bathroom and come downstairs for a meeting!"

28.    Mr. Forbes did as Kurz instructed and went downstairs, wherein Kurz, Mrs. Kurz, and Harris were present for the meeting.

29.    During the meeting of October 20, 2022, Mr. Forbes explained to Kurz that he was simply using the restroom while his print job was finishing and that he had only been in the restroom for several minutes.

30.    During the meeting of October 20, 2022, Kurz became so angry with Mr. Forbes that he leaned over a table separating him from Mr. Forbes with his fists clenched, and Mrs. Kurz had to physically restrain Kurz to keep him from becoming physically violent with Mr. Forbes.

31.    On October 24, 2022, Mr. Forbes presented at his doctor's office, as he was suffering from a severe flare-up of his PTSD from Kurz's behavior on October 20, 2022 and his belief that Kurz was going to attack him while at work.

32.    Mr. Forbes' physician recommended that Mr. Forbes take leave from work due to the severity of his PTSD flare-up and provided him with a note recommending the same.

33.    On October 24, 2022, Mr. Forbes presented Kurz with the doctor's note advising that he needed medical leave from work to better treat the symptoms of his PTSD.

34.    A leave of absence under the ADA can be a reasonable accommodation.

35.    Kurz was unhappy with the request for this reasonable accommodation, as Minuteman had recently purchased new machines that Mr. Forbes knew how to operate, and this accommodation would leave Minuteman without an employee to operate the machines as efficiently as Mr. Forbes.

36.    Despite being upset at Mr. Forbes request for a reasonable accommodation, Kurz granted Mr. Forbes' leave on October 24, 2022.

37.    Mr. Forbes and Kurz had sent text messages to each other wherein Mr. Forbes openly discussed his diagnosis of PTSD with Kurz.

38.    Minuteman and Kurz were aware that Mr. Forbes has a medical marijuana card, and Mr. Forbes used legally prescribed medical marijuana to treat the symptoms of his PTSD.

39.    Minuteman and Kurz were aware of Mr. Forbes' use of legally prescribed medical marijuana to treat his PTSD because Kurz openly discussed Mr. Forbes' use of legally prescribed medical marijuana with him, asked how to obtain a medical marijuana card, and inquired how to use medical marijuana on multiple occasions, as Mrs. Kurz was considering obtaining a medical marijuana card as well.

40.    On December 20, 2022, Mr. Forbes returned to work from his medical leave of absence.

41.    Upon entering the office, Mr. Forbes was approached by Kurz who told him that Mr. Forbes' use of medical marijuana "makes the office smell" and that "things were not going to work out."

42.    Mr. Forbes was abruptly and wrongfully terminated on December 20, 2022.

43.    Mr. Forbes was never disciplined for smelling like marijuana nor was he under the influence. Mr. Forbes was not sent for a drug test by Minuteman or Kurz.

44.    Mr. Forbes' severe PTSD flare up occurred as a direct result of Kurz's mistreatment and outburst towards Mr. Forbes on October 20, 2022.

45.     Mr. Forbes requested a reasonable accommodation for leave to treat the symptoms of his PTSD flare up, which was caused by Kurz's inappropriate and unprofessional behavior.

46.     Kurz was aware of Mr. Forbes' disability.

47.     Kurz was aware that Mr. Forbes used legally prescribed medical marijuana to treat his disability.

48.     Mr. Forbes never used medical marijuana before or during work hours, and Kurz had no reasonable suspicion to believe Mr. Forbes used medical marijuana before or during work hours.

49.     Kurz wrongfully terminated Mr. Forbes and violated the ADA when he discriminated against Mr. Forbes for taking a medical leave of absence related to his disability, which was a suitable accommodation under the ADA.

50.     Minuteman violated the ADA by wrongfully terminating Mr. Forbes for taking leave related to his disability, which was a suitable accommodation under the ADA, despite Mr. Forbes' ability to perform all essential functions of his job.

51.     As a result of Minuteman's discriminatory actions, Mr. Forbes suffered lost wages in the form of front pay and back pay, loss of benefits, anxiety, humiliation, and embarrassment.

52.    As a direct and/or proximate result of the above-described actions, Mr. Forbes suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, anxiety, and embarrassment.

53.    As a direct and proximate result of the above-described actions, Mr. Forbes suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, loss of benefits, and loss of retirement benefits.

54.    As a direct and proximate result of the above-described conduct, Mr. Forbes suffered professional injuries including, but not limited to, his professional reputation, professional development and loss of potential promotions, and loss of retirement benefits.

## COUNT II
### Violations of the Pennsylvania Medical Marijuana Act of 2016

55.    Mr. Forbes incorporates paragraphs 1 through 54 as though fully set forth herein.

56.    Mr. Forbes is a "patient" as that term is defined under the Pennsylvania Medical Marijuana Act of 2016.

57.    In or about 2021, Mr. Forbes was diagnosed with PTSD after he was the victim of a shooting.

58.    PTSD is a "serious medical condition" expressly listed under the Pennsylvania Medical Marijuana Act of 2016.

59.    In or about 2018, Mr. Forbes was legally prescribed medical marijuana by a physician at a clinic in Camp Hill, and his current physician, Dr. Talbot Smith, continued to renew Mr. Forbes' medical marijuana identification card each year since.

60.    In or about 2018, Mr. Forbes was issued a valid "identification card," and Mr. Forbes presently maintains a valid identification card to purchase marijuana for the treatment of his serious medical condition, PTSD.

61.    No employer within the Commonwealth of Pennsylvania may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana.

62.    Kurz was fully aware that Mr. Forbes used legally prescribed medical marijuana as a treatment for his PTSD.

63.    Kurz was also aware that Mr. Forbes possessed a medical marijuana card, and that Mr. Forbes used legally prescribed medical marijuana to treat the symptoms of his PTSD.

64.    Kurz was aware of Mr. Forbes used of legally prescribed marijuana to treat his PTSD because he openly discussed Mr. Forbes' use of legally prescribed medical marijuana with him, asked how to obtain a medical marijuana card, and

inquired how to use medical marijuana on multiple occasions, as Mrs. Kurz was thinking about obtaining a medical marijuana card as well.

65.     On December 20, 2022, Mr. Forbes returned to work from his medical leave related to his PTSD flare up caused by the inappropriate actions and behaviors of Kurz on October 20, 2022.

66.     Minuteman violated the Pennsylvania Medical Marijuana Act of 2016 when, on December 20, 2022, Kurz specifically advised Mr. Forbes that he was being terminated from his employment with Minuteman for his use of medical marijuana, discriminating against Mr. Forbes as a patient under the Act.

67.     Minuteman never ordered Mr. Forbes for a drug test.

68.     Mr. Forbes never used medical marijuana before or during work hours, and Kurz had no reasonable suspicion to believe Mr. Forbes used medical marijuana before or during work hours.

69.     Mr. Forbes was not under the influence of marijuana.

70.     Mr. Forbes had never been previously issued any form of discipline from Kurz or Minuteman in relation to his use of legally prescribed medical marijuana.

71.     The actions of Kurz against Mr. Forbes were intentional and willful.

72.    As a result of Minuteman's discriminatory actions, Mr. Forbes suffered lost wages in the form of front pay and back pay, loss of benefits, anxiety, humiliation, and embarrassment.

73.    As a direct and/or proximate result of the above-described actions, Mr. Forbes suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, anxiety, and embarrassment.

74.    As a direct and proximate result of the above-described actions, Mr. Forbes suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, loss of benefits, and loss of retirement benefits.

75.    As a direct and proximate result of the above-described conduct, Mr. Forbes suffered professional injuries including, but not limited to, his professional reputation, professional development and loss of potential promotions, and loss of retirement benefits.

## COUNT III
## Retaliation

76.    Mr. Forbes incorporates paragraphs 1 through 75 as though fully set forth herein.

77.    Mr. Forbes was engaged in protected activity when he sought and obtained an accommodation in the form of a leave of absence.

78.    Kurz was unhappy with Mr. Forbes' request for this reasonable accommodation, as Minuteman recently purchased new machines that Mr. Forbes

knew how to operate, and this accommodation would leave Minuteman without an employee to operate the machines as efficiently as Mr. Forbes.

79.    Despite being upset at Mr. Forbes request for a reasonable accommodation, Kurz granted Mr. Forbes' leave on October 24, 2022.

80.    On December 20, 2022, Mr. Forbes returned to work from his medical leave of absence related to his PTSD flare up caused by the inappropriate actions and behaviors of Kurz on October 20, 2022.

81.    Upon entering the office on December 20, 2022, Mr. Forbes was approached by Kurz who told him that Mr. Forbes' use of medical marijuana "makes the office smell" and that "things were not going to work out."

82.    Mr. Forbes was wrongfully terminated on December 20, 2022 in retaliation for taking a medical leave of absence as a reasonable accommodation and for his use of medical marijuana to treat his serious medical condition and disability of PTSD.

83.    Mr. Forbes requested a reasonable accommodation for leave to treat the symptoms of the PTSD flare up, which was caused by Kurz's inappropriate and unprofessional behavior.

84.    Kurz wrongfully terminated Mr. Forbes and discriminated against him when he was terminated and retaliated against for taking medical leave related to his disability, which was a suitable accommodation under the ADA, and for his use

of legally prescribed medical marijuana under the Pennsylvania Medical Marijuana Act of 2016.

85.    Minuteman violated the ADA by wrongfully terminating and retaliating against Mr. Forbes for taking leave related to his disability, which was a suitable accommodation under the ADA, despite Mr. Forbes' ability to perform all essential functions of his job.

86.    Minuteman violated the Pennsylvania Medical Marijuana Act of 2016 by wrongfully terminating and retaliating against Mr. Forbes for his use of legally prescribed medical marijuana.

87.    Mr. Forbes suffered an adverse employment action, termination.

88.    Minuteman and Kurz's actions within 90 days of engaging in protected activity is *per se* retaliation.

89.    Kurz's actions against Mr. Forbes were intentional and willful.

90.    As a result of Minuteman's and Kurz's discriminatory and retaliatory actions, Mr. Forbes suffered lost wages in the form of front pay and back pay, loss of benefits, anxiety, humiliation, and embarrassment.

91.    As a direct and/or proximate result of the above-described actions, Mr. Forbes suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, anxiety, and embarrassment.

92.     As a direct and proximate result of the above-described actions, Mr. Forbes suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, loss of benefits, and loss of retirement benefits.

93.     As a direct and proximate result of the above-described conduct, Mr. Forbes suffered professional injuries including, but not limited to, his professional reputation, professional development and loss of potential promotions, and loss of retirement benefits.

## COUNT IV
## Pennsylvania Human Relations Act

94.     Mr. Forbes incorporates paragraphs 1 through 93 as though fully set forth herein.

95.     Mr. Forbes is an "employee" as that term is defined under the PHRA.

96.     Minuteman is an "employer" as that term is defined under the PHRA.

97.     Mr. Forbes was diagnosed with PTSD in or about 2021.

98.     PTSD is a "disability" as that term is defined under the PHRA.

99.     Mr. Forbes provided a signed doctor's note from his healthcare provider stating he recommended a medical leave of absence directly related to his severe PTSD flare up caused by Kurz's behaviors and mistreatment of Mr. Forbes.

100.   Kurz was unhappy with the request for this reasonable accommodation, as Minuteman had recently purchased new machines that Mr. Forbes knew how to operate, and this accommodation would leave Minuteman without an employee to operate the machines as efficiently as Mr. Forbes.

101.   Despite being upset at Mr. Forbes request for a reasonable accommodation, Kurz granted Mr. Forbes' leave on October 24, 2022.

102.   Kurz was also aware of Mr. Forbes' diagnosis of PTSD, as Mr. Forbes made Kurz aware of his diagnosis at his time of hire, and Mr. Forbes and Kurz sent text messages to each other wherein Mr. Forbes openly discussed his diagnosis of PTSD with Kurz.

103.   Kurz was also aware that Mr. Forbes has a medical marijuana card and that Mr. Forbes used legally prescribed medical marijuana to treat the symptoms of his PTSD.

104.   Kurz was aware of Mr. Forbes use of legally prescribed marijuana to treat his PTSD because he openly discussed Mr. Forbes' use of legally prescribed medical marijuana with him, asked how to obtain a medical marijuana card, and inquired how to use medical marijuana on multiple occasions, as Mrs. Kurz was thinking about obtaining a medical marijuana card as well.

105.    On December 20, 2022, Mr. Forbes returned to work from his medical leave of absence related to his PTSD flare up caused by the inappropriate actions and behaviors of Kurz on October 20, 2022.

106.    Upon entering the office, Mr. Forbes was approached by Kurz who told him that Mr. Forbes' use of medical marijuana "makes the office smell" and that "things were not going to work out."

107.    Mr. Forbes was terminated on December 20, 2022.

108.    Mr. Forbes' severe PTSD flare up occurred as a direct result of Kurz's mistreatment and outburst towards Mr. Forbes on October 20, 2022.

109.    Mr. Forbes requested a reasonable accommodation for leave to treat the symptoms of the PTSD flare up, which was caused by Kurz's inappropriate and unprofessional behavior.

110.    Kurz was aware of Mr. Forbes' disability.

111.    Kurz was aware that Mr. Forbes used legally prescribed medical marijuana to treat his disability.

112.    Mr. Forbes never used medical marijuana before or during work hours, and Kurz had no reasonable suspicion to believe Mr. Forbes used medical marijuana before or during work hours.

113.   Mr. Forbes had never been previously issued any form of discipline from Kurz or Minuteman in relation to his use of legally prescribed medical marijuana.

114.   Kurz wrongfully terminated Mr. Forbes and discriminated against him when he was wrongfully terminated for taking leave related to his disability, in violation of the PHRA.

115.   Minuteman violated the PHRA by wrongfully terminating Mr. Forbes for taking leave related to his disability, which was a suitable accommodation, despite Mr. Forbes' ability to perform all essential functions of his job.

116.   As a result of Minuteman's discriminatory actions, Mr. Forbes suffered lost wages in the form of front pay and back pay, loss of benefits, anxiety, humiliation, and embarrassment.

117.   As a direct and/or proximate result of the above-described actions, Mr. Forbes suffered emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, anxiety, and embarrassment.

118.   As a direct and proximate result of the above-described actions, Mr. Forbes suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, loss of benefits, and loss of retirement benefits.

119.   As a direct and proximate result of the above-described conduct, Mr. Forbes suffered professional injuries including, but not limited to, his professional

reputation, professional development and loss of potential promotions, and loss of retirement benefits.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Andrew Forbes, respectfully requests this Honorable Court to enter Judgment in his favor and against Defendant for damages in an amount in excess of $75,000.00, plus interests and costs of suit as well as the following:

(a)     Exercise jurisdiction over this matter;

(b)     Exercise supplemental jurisdiction over Plaintiff's PHRA and Pennsylvania Medical Marijuana Act of 2016 claim;

(b)     Order Defendant to reimburse Plaintiff for all salary and benefits lost by him as a result of Defendant's actions, in an amount in excess of $75,000.00, including but not limited to front pay, back pay, and compensatory damages;

(c)     Award Plaintiff punitive damages under the Americans with Disabilities Act;

(d)     Award Plaintiff all costs of this action, including reasonable attorney's fees;

(e)     Award Plaintiff such other and further relief as this court deems just proper and equitable.

Respectfully submitted,


/s/James T. Podgorney
James T. Podgorney, Esquire
Atty. ID No.: 315848
Morcom Law, LLC
1028 E. Chocolate Avenue
Hershey, PA 17033
Phone: (717) 298-1907
Fax: (717) 298-3232
jpodgorney@morcomlaw.com
Counsel for Plaintiff

Date: 11/6/23

## VERIFICATION

The undersigned hereby verifies that the statements in the foregoing document are based upon information which has been furnished to counsel by me and information which has been gathered by counsel in the preparation of this lawsuit. The language of the foregoing document is that of counsel and not my own. I have read the foregoing document and to the extent that it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, I have relied upon my counsel in making this verification. The undersigned also understands that the statements therein are made subject to the penalties of 18 Pa.C.S §4904 relating to unsworn falsification to authorities.

Andrew Forbes

Date: 10/05/2023